NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-12-0000635**
**12-JUN-2015**
**08:05 AM**

NO. CAAP-12-0000635


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
JOSHUA JAMES DIOGO, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NO. 10-1-217K)


SUMMARY DISPOSITION ORDER
(By:  Nakamura, C.J., Fujise and Leonard, JJ.)

Defendant-Appellant Joshua James Diogo (Diogo) appeals from the June 26, 2012 Judgment and Sentence entered by the Circuit Court of the Third Circuit (Circuit Court).[1]  On June 8, 2010, Plaintiff-Appellee State of Hawaiʻi (State) charged Diogo with Reckless Endangering in the First Degree, in violation of Hawaii Revised Statutes (HRS) § 707-713(1) (2014) (Count 1), and Assault in the Second Degree, in violation of HRS § 707-711(1)(b) (2014) (Count 2).[2]

---

[1]    The Honorable Elizabeth A. Strance presided.

[2]    Count 1 of the Information provided:

On or about the 18th day of July, 2009, in Kona, County and State of Hawaii, JOSHUA JAMES DIOGO intentionally fired a firearm in a manner which recklessly placed another person, KIELE KREINBERG, in danger of death or serious bodily injury, thereby committing the offense of Reckless Endangering in the First Degree, in violation of Section 707-713(1), Hawaii Revised Statutes, as amended.

(continued...)

On appeal, Diogo argues[3] that the Circuit Court erred because it (1) failed to properly instruct the jury with regard to (a) merger, (b) mistake of fact, and (c) negligence; (2) denied Diogo's three motions for mistrial; (3) denied Diogo's motion for judgment of acquittal; and (4) substituted a juror with an alternate without proper foundation or cause.

After a careful review of the points raised, arguments made by the parties, the applicable authority, and the record, we resolve Diogo's issues on appeal as follows:

1(a). The Circuit Court did not err when it did not instruct the jury on "continuous course of conduct" merger pursuant to HRS § 701-109(1)(e) (2014).[4] Whether a crime qualifies as a "continuing course of conduct" crime depends primarily upon the statutory language and secondarily upon legislative history. "HRS § 701-109(1)(e) prohibits multiple convictions where the defendant's actions constitute an uninterrupted, continuing course of conduct. This prohibition,

---

[2] (...continued)
Count 2 of the Information provided:

On or about the 18th day of July, 2009, in Kona, County and State of Hawaii, JOSHUA JAMES DIOGO recklessly caused serious bodily injury and/or substantial bodily injury to another person, KIELE KREINBERG, thereby committing the offense of Assault in the Second Degree, in violation of Section 707-711(1)(b), Hawaii Revised Statutes as amended.

[3] Diogo's first point on appeal does not comply with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(4)(B) insofar as it fails to quote the refused instruction along with his objection urged at trial. Counsel is cautioned that violations of this Rule could result in sanctions.

[4]

**§ 701-109. Method of prosecution when conduct establishes an element of more than one offense.** (1) When the same conduct of a defendant may establish an element of more than one offense, the defendant may be prosecuted for each offense of which such conduct is an element. The defendant may not, however, be convicted of more than one offense if:

. . . .

(e) The offense is defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted, unless the law provides that specific periods of conduct constitute separate offenses.

however, does not apply where these actions constitute separate offenses under the law." State v. Arceo, 84 Hawai'i 1, 21, 928 P.2d 843, 863 (1996) (quoting State v. Hoopii, 68 Haw. 246, 251, 710 P.2d 1193, 1197 (1985)). None of the crimes with which Diogo was charged nor the included offenses presented to the jury are statutorily defined as uninterrupted or continuing courses of conduct, nor do they manifest a plain legislative purpose to be treated as such.

1(b). Diogo argues that the Circuit Court erred when it failed to give a jury instruction on mistake of fact because Diogo testified that the gun went off accidentally. However, as Diogo fails to set forth any legal authority supporting his asserted point of error, it is waived. HRAP Rule 28(b)(7). Nor does his point present plain error. "A reckless mistake would afford a defense to a charge requiring intent or knowledge--but not to an offense which required only recklessness or negligence[.]" State v. Palisbo, 93 Hawai'i 344, 355 n.17, 3 P.3d 510, 521 n.17 (App. 2000) (emphasis omitted) (quoting Commentary on HRS § 702-218). Here, all crimes for which the jury was instructed required the mens rea of recklessness. Therefore, Diogo was not entitled to a mistake of fact instruction.

1(c). Diogo argues that the Circuit Court erred when it failed to give a jury instruction on negligence because "the difference between a negligent versus a reckless statement [sic] of mind [. . .] was the core of [Diogo's] defense regarding the state of mind element." However, while Diogo restated his point of error in his argument, he again fails to set forth any legal authority supporting his asserted point of error and therefore has waived the point. HRAP Rule 28(b)(7).

Neither does Diogo's asserted point present plain error. This court has rejected a similar argument in State v. Nakama, 120 Hawai'i 282, 204 P.3d 501, No. 28372 2009 WL 953305 at *1-2 (App. Apr. 9, 2009) (SDO) (proffered defense of

3

negligence adequately covered by instruction defining recklessness).

2 and 4. Diogo argues that the Circuit Court erred when it denied his three motions for mistrial because of alleged prosecutorial misconduct and/or when the Circuit Court released a juror and replaced her with an alternate.

Motions for mistrial are reviewed for abuse of discretion. State v. Lagat, 97 Hawai'i 492, 495, 40 P.3d 894, 897 (2002). Factors to consider in assessing prosecutorial misconduct are "(1) the nature of the conduct; (2) the promptness of a curative instruction; and (3) the strength or weakness of the evidence against the defendant." State v. Pacheco, 96 Hawai'i 83, 93, 26 P.3d 572, 582 (2001). "Prosecutorial misconduct warrants a new trial or the setting aside of a guilty verdict only where the actions of the prosecutor have caused prejudice to the defendant's right to a fair trial." State v. Meyer, 99 Hawai'i 168, 171, 53 P.3d 307, 310 (App. 2002) (citation and internal quotation marks omitted).

2(a). Diogo argues that the Circuit Court abused its discretion when it denied his June 6, 2012 oral motion for mistrial.

> The denial of a motion for mistrial is within the sound discretion of the trial court and will not be upset absent a clear abuse of discretion. The trial court abuses its discretion when it clearly exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party litigant.

Lagat, 97 Hawai'i at 495, 40 P.3d at 897 (citation and internal quotation marks omitted). Diogo moved for mistrial on the basis of the following exchange between the trial prosecutor and Officer Bryan Ellis (Officer Ellis):

> [Prosecutor:]    When you receive a call, as a patrol officer, at some point in time do some cases need a detective to be involved?
>
> [Officer Ellis:]  Yes.
>
> [Prosecutor:]    And is that common practice within the department?
>
> [Officer Ellis:]  Yes.

[Prosecutor:] Now, does a detective come on scene every single case you take?

[Officer Ellis:] No.

[Prosecutor:] So only certain cases a detective will come on?

[Officer Ellis:] Yes, usually felony cases.

Diogo argues that the prosecutor engaged in misconduct because "the prosecutor was responsible for insuring that the penalty or severity of the charge or charges was not disclosed to the jury to avoid prejudice and to conduct a fair trial."

We disagree that there was misconduct here. Diogo points to nothing that indicates the mention of the term "felony" *per se* informed the jury of the severity of the charges or penalties therefor in this case. Through the opening statements of counsel, the jury was already aware that this case concerned a complaining witness who was shot in the abdomen. Thus, to the extent that the term "felony" indicates to a lay person that the case is serious, they were already aware of the seriousness of this case by the time Officer Ellis gave this testimony. Diogo has not demonstrated that the prosecutor's conduct was improper.[5]

2(b). The Circuit Court did not abuse its discretion when it denied Diogo's June 12, 2012 motion for mistrial because there was no prosecutorial misconduct. With regard to the nature of the prosecutor's conduct, "a comment is not improper if it is directed to and made in response to a subject which the defense raised in its closing argument to the jury." Meyer, 99 Hawai'i at 172, 53 P.3d at 311 (quoting State v. Lincoln, 3 Haw. App. 107, 125, 643 P.2d 807, 819 (1982))

---

[5] We also note that, during the discussion on Diogo's motion for mistrial, Diogo expressed the concern that, "[a]s you know, your Honor, we're not supposed to be talking about penalties." First, there was no discussion or disclosure of possible penalties in the quoted exchange. Furthermore, although no curative instruction was given, in part due to Diogo's previous objection to such an instruction, the jury was told during instructions at the end of the case that "[y]ou must not discuss or consider the subject of penalty or punishment in your deliberations of this case." We presume the jury adhered to this instruction. State v. Hauge, 103 Hawai'i 38, 59, 79 P.3d 131, 152 (2003) ("This court has repeatedly adhered to the construct that the jury is presumed to have followed the [circuit] court's instructions.") (citations and internal quotation marks omitted).

(internal quotation marks omitted). In Diogo's closing argument, defense counsel argued that Diogo's post-shooting behavior was consistent with the occurrence of an accident, not a crime. In response, during closing arguments the prosecutor argued that the jury cannot speculate on how a guilty person behaves. Because the prosecutor is entitled to respond to arguments raised by the defendant, the nature of the prosecutor's conduct was not improper.

Diogo apparently argues in the alternative that the prosecutor's "cumulative prosecutorial acts" were prejudicial and sufficient to support a mistrial. In Pemberton, the Supreme Court of Hawai'i explained that "although no single misstatement or other erroneous remark standing alone may have sufficient prejudicial weight to deprive the defendant of a fair trial, the cumulative weight of such errors may create an atmosphere of bias and prejudice which no remarks by the trial court could erase." State v. Pemberton, 71 Haw. 466, 475, 796 P.2d 80, 84 (1990) (citation, internal quotation marks, and brackets omitted). In that case, the prosecutor made several improper remarks that were individually harmless but cumulatively harmful. By contrast, in the instant case, the Circuit Court correctly held that neither of the objected-to remarks were improper.

2(c) and 4. Diogo argues that the Circuit Court abused its discretion when it denied his third motion for mistrial, based on the Circuit Court's substitution of an alternate juror. A seated juror communicated that she could not give her full attention to the deliberations because of a death in her family. The Circuit Court excused the juror, called the first alternate to sit in the juror's place, and instructed the jury to begin its deliberations anew. Diogo cites no legal authority supporting his conclusory assertions. To the contrary, Hawai'i Rules of Penal Procedure Rule 24(c) allows for the substitution of a juror with an alternate, even after deliberations have begun. ("[i]f an alternate juror replaces a regular juror after deliberations have begun, the court shall

instruct the jury to begin its deliberations anew.") The Circuit Court did not abuse its discretion when it denied Diogo's third motion for mistrial.

3. Diogo argues that the Circuit Court erred when it denied his motion for judgment of acquittal. Preliminarily, we note that Diogo fails to argue his first two sub-points of error, namely (1) that the testimony of Dr. Kyle Boyd lacked foundation and/or was not qualified as an expert witness; and (2) that no curative instruction was given after Officer Ellis testified that "he was pursuing a 'felony' investigation" and they are therefore deemed waived. HRAP Rule 28(b)(7).

In his third and final sub-point, Diogo argues that the Circuit Court erred when it admitted State's Exhibits Nos. 1, 1a, 1b, and 1c, involving the pistol allegedly used in the shooting, because the chain of custody was not properly established. Diogo argues that the chain of custody was not established because the evidence custodian was not called to testify. However, "[i]n showing chain of custody, all possibilities of tampering with an exhibit need not be negated. Chain of custody is sufficiently established where it is reasonably certain that no tampering took place, with any doubt going to the weight of the evidence." State v. DeSilva, 64 Haw. 40, 41, 636 P.2d 728, 730 (1981); see also State v. Vance, 61 Haw. 291, 304, 602 P.2d 933, 942 (1979) ("It is sufficient to establish that it is reasonably certain that no tampering took place, with any doubt going to the weight of the evidence.'").

The State presented sufficient evidence to demonstrate to a reasonable certainty that no tampering took place. Officer Ellis's uncontroverted testimony that the contents of Exhibit 1 were the pistol and related items that he recovered on July 18, 2009, and the Evidence and Property Receipt (EPR) form indicating that Exhibit 1 had been deposited with Maldonado in 2009 and remained unopened until May 29, 2012, sufficiently established to a reasonable certainty that Exhibit 1 was not tampered with. If it is reasonably certain that no tampering took place, "any doubt

7

[goes] to the weight of the evidence" rather than admissibility. Vance, 61 Haw. at 291, 602 P.2d at 942.

Diogo apparently further argues that the Circuit Court erred when it admitted Exhibit 1 because portions of the EPR were whited-out, in violation of evidence protocol. Diogo asserts that Exhibit 1 "had been altered with portions of the chain of custody log being whited-out." In fact, the Circuit Court clarified with Pike that the whiteout was located on the "location" portion of the EPR, rather than the chain of custody portion. Moreover, Diogo presents no legal authority for his proposition that any breach in evidence protocol must result in a grant of judgment of acquittal. Vance and related cases, supra, directly oppose that proposition.

Furthermore, any error in the admission of these exhibits was harmless. Diogo did not dispute that he fired the gun that injured the complaining witness and there were multiple witnesses that testified that he had a firearm in his possession when the complaining witness was shot. Diogo cites no authority that requires that the firearm, under these circumstances, must be introduced into evidence to withstand a motion for judgment of acquittal. Diogo has failed to show the court erred in denying his motion for judgment of acquittal.

Therefore, based on the foregoing, we affirm the June 26, 2012 Judgment and Sentence entered by the Circuit Court of the Third Circuit.

DATED: Honolulu, Hawai'i, June 12, 2015.

On the briefs:

Robert D.S. Kim,
for Defendant-Appellant.


Linda L. Walton,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

8